## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

TERRI BALINT,

               Plaintiff,

     v.

ALLSTATE INSURANCE COMPANY,

               Defendant.

CIVIL ACTION NO. 3:23-CV-01190

(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court is a motion to intervene filed by loanDepot.com, LLC ("loanDepot") on August 4, 2023. (Doc. 8). Plaintiff Terri Balint, as Administratrix of the Estate of Kenneth Havir, initiated the above-captioned action in the Court of Common Pleas of Lackawanna County by writ of summons on April 12, 2023, and the complaint thereafter on June 21, 2023. (Doc. 1-2; Doc. 1-4). On July 18, 2023, Defendant Allstate Insurance Company ("Allstate") removed this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). On August 10, 2023, Balint filed the amended complaint. (Doc. 10). For the following reasons, it is respectfully recommended that loanDepot's motion to intervene be GRANTED. (Doc. 8).

I.    **BACKGROUND AND PROCEDURAL HISTORY**

At the time of his death, Havir owned and resided at a property located at 1017 Ash Street, Scranton, Pennsylvania 18510-1125 (the "Property"). (Doc. 10, ¶ 4). Allstate and Havir entered into a Deluxe Homeowners Policy (the "Policy") for the Property for the period of July 18, 2021, through July 28, 2022, for fire and other casualties. (Doc. 10, ¶ 5; Doc. 10-1, at 9-49).

On April 13, 2022, Havir died intestate, and Balint was appointed Administratrix of

his estate. (Doc. 10, ¶ 3). Residing at the Property on the date of loss and for six years leading up to the date of loss, was Havir's son, Christopher Havir. (Doc. 10, ¶¶ 7, 15, 17-19). According to Balint, the relationship between Havir and his son was contentious and, on the morning following Havir's death, Balint instructed Christopher to vacate the Property immediately. (Doc. 10, ¶¶ 8, 13-17). The following day, on April 15, 2022, Christopher Havir set fire to the dwelling on the Property, causing complete destruction, and took his own life. (Doc. 10, ¶¶ 18-19). Following the fire, Balint made a claim for coverage under the Policy, which Allstate denied on August 3, 2022. (Doc. 10, ¶¶ 21-22). The stated basis for denial of coverage is that Christopher Havir was an "insured person" within the meaning of the Policy at the time he set fire to the Property, the Policy does not cover loss to the Property caused by the intentional or criminal acts of any insured person, and the loss was caused by the intentional or criminal acts of an insured person, *i.e.*, Christopher Havir. (Doc. 10, ¶ 23; Doc. 10-2, at 2-3).

On April 12, 2023, Balint, as Administratrix of the Estate of Kenneth Havir, commenced this action by filing a precipice to issue writ of summons against Allstate. (Doc. 1-2). On June 21, 2023, Balint filed a complaint against Allstate for coverage under the Policy for the loss to the Property, asserting that her claim was denied, that Allstate's denial of coverage was in error, and that Allstate is responsible for payment of all losses for the destruction of the Property. (Doc. 1-4). According to the motion to intervene, loanDepot filed a petition to intervene on July 10, 2023. (Doc. 9, at 2). On July 18, 2023, Allstate removed the action to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1). On August 4, 2023, loanDepot filed the motion to intervene. (Doc. 8). On August 10, 2023, Balint filed an amended complaint, asserting Allstate breached the Policy by its failure and refusal, despite demand,

to pay for the covered losses caused by the fire. (Doc. 10). As relief, Balint seeks declaratory judgment and payment of all loses for the damaging-causing fire up to the limits of the Policy in the amount of $272,000, plus interest and costs. (Doc. 10, at 8-9).

The motion to intervene has been fully briefed and is now ripe for disposition. (Doc. 8; Doc. 9; Doc. 11; Doc. 12).

II.   **DISCUSSION**

loanDepot seeks "intervention of right" under Federal Rule of Civil Procedure 24(a)(2) in order to protect its interest as the mortgagee of record in the Property. (Doc. 8; Doc. 9). loanDepot alleges that pursuant to the terms of the Mortgage and the Policy, it has first priority over any insurance proceeds distributed by Allstate, especially because loanDepot foreclosed on the property when the Mortgage fell into default and obtained an *in rem* judgment. (Doc. 9, at 3-4).

Rule 24(a)(2) states, in relevant part:

(a) *Intervention of Right*. Upon timely application, anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

The Third Circuit Court of Appeals utilizes a four-factor test to determine whether the intervening party has a right to intervene under Rule 24(a). This test requires:

1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)).

Each of the factors must be satisfied for intervention under Rule 24(a) to be granted and the burden is on the party seeking intervention. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

    A.  <u>TIMELINESS</u>

The first issue the Court must address is whether loanDepot's intervention is time-barred. "An application to intervene, whether of right or by permission, must be timely under the terms of Rule 24." *In re Fine Paper Antitrust Litig.,* 695 F.2d 494, 500 (3d Cir.1982). A putative intervenor seeking to intervene under Fed. R. Civ. P. 24(a)(2) must establish that: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). "The timeliness of a motion to intervene is 'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of its sound discretion.' " *In re Fine Paper,* 695 F.2d at 500 (citation omitted). Factors to consider in making the timeliness determination include "(1) [h]ow far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause to other parties, and (3) the reason for the delay." *In re Fine Paper,* 695 F.2d at 500 (alteration, citations, and internal quotation marks omitted).

> The mere passage of time . . . does not render an application untimely . . . . [However,] the critical inquiry is: what proceedings of substance on the merits have occurred? This is because the stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved.
>
> *Choike v. Slippery Rock Univ. of Pennsylvania of State Sys. of Higher Educ.*, 297 F. App'x 138, 141 (3d Cir. 2008) (quoting *Mountain Top Condo. Ass'n,* 72 F.3d at 369-70 (internal citations omitted)).

Here, Allstate argues that loanDepot's claims are time-barred because paragraph 12 of the Policy states that, "No suit or action may be brought against up unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of loss or damage." (Doc. 12-1, at 2-3; Doc. 10-2, at 28). "Pennsylvania law recognizes as valid suit limitation clauses in insurance policies." *Nelson v. State Farm Fire & Cas. Co.*, No. 2:19-CV-01382-RJC, 2023 WL 2668922, at *6 (W.D. Pa. Mar. 28, 2023) (quoting *Prime Medica Assocs. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156 (Pa. Super. 2009). "This is not a statute of limitation imposed by law; it is a contractual undertaking between the parties and the limitation on the time for bringing suit is imposed by the parties to the contract." *Gen. State Auth. v. Planet Ins. Co.*, 346 A.2d 265, 267 (1975) (quoting *Lardas v. Underwriters Ins. Co.,* 231 A.2d 740, 741-42 (1967)). A policy's suit limitation period runs from the date of the occurrence of the destructive event or casualty insured against. *Gen. State Auth.,* 346 A.2d at 267. loanDepot correctly asserts that the motion to intervene is not a lawsuit against Allstate and, therefore, is not barred by the limitations period set forth in paragraph 12 of the Policy. (Doc. 15, at 1-2). loanDepot maintains that the instant lawsuit was timely commenced by Balint, as Administratrix of the Estate of the insured, and loanDepot "simply seeks to intervene." (Doc. 15, at 2).

Nevertheless, the undersigned finds that the motion to intervene is timely because the case is in its early stage and the existing parties are not prejudiced. The date of loss in this case was April 15, 2022, i.e., the date Christopher Havir set fire to the dwelling on the Property, resulting in its complete destruction and the contents therein. (Doc. 10, ¶¶ 18-19). On November 21, 2022, loanDepot commended an action in mortgage foreclosure against Balint and the unknown heirs of Kenneth Havir in the Court of Common Pleas of Lackawanna

County. (Doc. 8-2, at 27-42). On February 21, 2023, default judgment was entered in favor of loanDepot, which was amended to $98,649.59 on March 27, 2023. (Doc. 8-2, at 44-54, 56). Balint commenced this action in the Court of Common Pleas of Lackawanna County by filing a precipice to issue writ of summons on April 12, 2023, and a complaint on June 21, 2023. (Doc. 1-2). After giving notice on July 3, 2023, loanDepot timely filed its state court petition to intervene on July 10, 2023. (Doc. 9, at 2). After Allstate removed this action to the Middle District on July 18, 2023, loanDepot filed the motion to intervene on August 4, 2023. (Doc. 1; Doc. 8). On August 10, 2023, Balint filed an amended complaint. (Doc. 10). Considering the totality of the circumstances, the record before the Court reveals that the underlying action has not progressed to any proceeding of substance on the merits, and the pleading are not yet closed. Therefore, the undersigned finds loanDepot's motion to intervene timely.

B. SUFFICIENT LEGAL INTEREST

Second, the Court must address whether loanDepot has a sufficient interest in the underlying litigation. *Treesdale*, 419 F.3d at 220. "An intervenor's interest in the litigation must be direct, substantial, and legally protectable to satisfy the interest requirement of Rule 24(a)(2)." *Deutsche Bank Nat'l Tr. Co. v. Bendex Properties, LLC.*, No. 3:16-CV-0432, 2016 WL 6648175, at *3 (M.D. Pa. Nov. 10, 2016) (citing *Kleissler*, 157 F.3d at 972 ("Due regard for efficient conduct of the litigation specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.")). To meet this prong of the test, a prospective intervenor must fundamentally demonstrate that its interest relates to the subject of the underlying proceeding, i.e., that it is "significantly protectable." *Donaldson v. United States,* 400 U.S. 517, 531 (1971); *Kleissler,* 157 F.3d at 969. The asserted interest must be "a cognizable legal interest, and not simply an interest 'of a general and indefinite

- 6 -

character.'" *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1116 (3d Cir. 1992) (quoting *Harris*, 820 F.2d at 601) (internal quotation marks omitted); *see also Treesdale,* 419 F.3d at 220-21; *Mountain Top Condo. Ass'n*, 72 F.3d at 366; *but see Benjamin ex rel. Yock v. DPW of Pa.*, 701 F.3d 938, 951 (3d Cir. 2012) ("A proposed intervenor's interest need not be a legal interest, provided that he or she 'will be practically disadvantaged by the disposition of the action.'"). Furthermore, the interest must be direct. As the *Kleissler* Court stated:

> the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated. The facts assume overwhelming importance in each decision.

*Kleissler*, 157 F.3d at 972.

In opposition to the motion to intervene, Balint argues that loanDepot does not have a sufficient interest in this litigation to permit intervention because its claim as a mortgagee is separate and apart from Balint's claim on behalf of the estate. (Doc. 11, at 9-13). Balint further argues that loanDepot's claim will not be affected or impaired by the disposition of the instant action. (Doc. 11, at 13). The undersigned disagrees.

As recounted in loanDepot's motion to intervene, Havir executed a mortgage (the "Mortgage") on the Property on February 10, 2018, in the principal amount of $91,676.00 to Mortgage Electronic Registration Systems, Inc., as nominee for loanDepot. (Doc. 8-2, at 2-18). To ensure the collateral would cover the debt, loanDepot required Havir to maintain a home owners insurance policy on the Property and required that loanDepot be named as loss payee on the policy. (Doc. 8-2, at 8). The Mortgage was recorded in the Office of the Recorder of Deeds of Lackawanna County on February 21, 2018, and assigned to loanDepot by

Assignment recorded on October 4, 2022. (Doc. 8-2, at 19-21, 23-25). In the event of total loss of the collateral, the Mortgage provides that loanDepot is entitled to the proceeds of the Policy to the extent of the debt secured by the mortgage, with the excess, if any, paid to Havir as the borrower. (Doc. 8-2, at 8). As required by the Mortgage Allstate and Havir entered into the Policy for the Property for the period of July 18, 2021, through July 28, 2022, for fire and other casualties. (Doc. 10, ¶ 5; Doc. 10-1, at 9-49). The Policy provides that "[a] covered loss will be payable to the mortgagees named on the Policy Declarations, to the extent of their interest and in the order of precedence." (Doc. 10-2, at 29). The Mortgagee clause further states "[t]his mortgagee interest provision shall apply to any trustee or loss payee or other secured party." (Doc. 10-1, at 30). The present action affects the disbursement of the proceeds of the Policy. (Doc. 10).

Pursuant to the terms of the Mortgage and the Policy, loanDepot is the mortgagee of record in the Property that is the subject of this action and has first priority over any insurance proceeds distributed by Allstate. Although a mere economic interest is generally an insufficient reason for intervention, "an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Treesdale*, 419 F.3d at 220-21 (quoting *Mountain Top Condo. Ass'n*, 72 F.3d at 366 (citations omitted)). Therefore, the undersigned finds loanDepot has a sufficient interest in the Property and Policy that is the subject of this action.

C. THREAT TO THE LEGAL INTEREST

Third, the Court must determine whether loanDepot's legal interest will be impaired or affected by the disposition of the underlying action. *Treesdale*, 419 F.3d at 220. Under this element of the test, loanDepot must demonstrate that its legal interests "may be affected or

- 8 -

impaired, as a practical matter by the disposition of the action." *Harris*, 820 F.2d at 596. In making this determination, the Court is required to assess "the practical consequences of the litigation," and "'may consider any significant legal effect on the applicant's interest.'" *Harris*, 820 F.2d at 596 (quoting *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). It is not sufficient that the claim be incidentally affected; rather, there must be "a tangible threat" to the applicant's legal interest. *Harris*, 820 F.2d at 601. Yet, this factor may be satisfied if, for example, a determination of the action in the applicant's absence will have a significant stare decisis effect on its claims, or if the applicant's rights may be affected by a proposed remedy. *Harris*, 820 F.2d at 601. An applicant need not, however, prove that it would be barred from bringing a later action or that intervention constitutes the only possible avenue of relief. The possibility of a subsequent collateral attack does not preclude an applicant from demonstrating that its interests would be impaired should intervention be denied. Such a holding would reverse the policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks. *See Soc Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1051 (3d Cir. 1980) (permitting collateral attack on consent decree only because the district court "did not retain jurisdiction over the decree and thus direct intervention [wa]s no longer available").

Here, the undersigned finds that loanDepot has demonstrated that its legal interest would be affected by this litigation. After Havir passed away, the Mortgage fell into default and loanDepot commended an action in mortgage foreclosure against Balint and the unknown heirs of Kenneth Havir on November 21, 2022, in the Court of Common Pleas of Lackawanna County. (Doc. 8-2, at 27-42). On February 21, 2023, default judgment was entered in favor of loanDepot. (Doc. 8-2, at 44-54). By court order dated March 27, 2023,

loanDepot's foreclosure judgment was amended to $98,649.59. (Doc. 8-2, at 56). On April 12, 2023, Balint, as Administratrix of the Estate of Kenneth Havir, commenced this action. (Doc. 1-2). On August 10, 2023, Balint filed an amended complaint, asserting a breach of contract claim and seeking declaratory judgment, as well as payment of all loses for the damaging-causing fire up to the limits of the Policy in the amount of $272,000, plus interest and costs. (Doc. 10). Given loanDepot's first priority over any insurance proceeds distributed by Allstate and the unpaid foreclosure judgment entered by the Court of Common Pleas of Lackawanna County, the undersigned finds that the instant action between Balint and Allstate could have an immediate, adverse effect on loanDepot's legal interest. *See Treesdale, 419 F.3d at 225*.

### D.  EXISTING PARTIES' REPRESENTATION

Lastly, the Court must determine whether the existing parties to the action adequately represent loanDepot's interests. *Treesdale*, 419 F.3d at 220. A court must conduct a "separate inquiry into whether the government or other existing parties will adequately advocate the applicant's interest." *Kleissler*, 157 F.3d at 972 (citation omitted). No party has asserted that the existing parties may adequately represent loanDepot's interest in the litigation. Inadequacy of representation is sufficiently demonstrated "if the applicant shows that representation of his interest *may be* inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972) (emphasis added) (internal quotation marks omitted); *see Kleissler,* 157 F.3d at 974. Although Balint and loanDepot may share a general alignment of interest, the undersigned finds that representation is inadequate. According to the amended complaint, Balint seeks *both* declaratory judgment and payment up to the limits of the Policy in the amount of $272,000,

plus interest and costs. (Doc. 10, at 8-9). If Allstate does distribute insurance proceeds under the Policy, loanDepot maintains first priority over any distributions pursuant to the Mortgage. (Doc. 8-2, at 8). Balint would only receive a portion of the distribution if there were excess funds after loanDepot's losses were satisfied. (Doc. 8-2, at 8). Therefore, the undersigned finds that loanDepot is in a better position to assert and protect its own interest rather than relying upon Balint to do so. *See Treesdale*, 419 F.3d at 220.

Accordingly, because loanDepot has satisfied the four-factor test to determine whether an intervening party has a right to intervene under Rule 24(a), the undersigned finds that loanDepot may intervene as of right pursuant to Rule 24(a)(2). *See Treesdale*, 419 F.3d at 220.

III.   **CONCLUSION**

For the foregoing reasons, loanDepot's motion to intervene is **GRANTED**. (Doc. 8). An appropriate Order follows.

BY THE COURT:

Dated: September 20, 2023            *s/ Karoline Mehalchick*
                                     **KAROLINE MEHALCHICK**
                                     **Chief United States Magistrate Judge**