IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRI BALINT, as Administratrix of the Estate of Kenneth Havir,** | : | CIVIL ACTION NO. 3:23-CV-1190 |
| | : | |
| | : | **(Judge Neary)** |
| **Plaintiff** | : | |
| | : | |
| **LOANDEPOT.COM, LLC,** | : | |
| | : | |
| **Intervenor** | : | |
| | : | |
| v. | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

When there is significant damage to a home, a person expects home insurance to kick in and cover the damages. That expectation continues to the mortgagee of the property, who likewise assumes its interests will be protected by an insurance policy. However, to get the benefits of an insurance policy, one must fully comply with its terms.

Plaintiff Terry Balint, acting in her capacity as administratrix of the estate of Kenneth Havir, (hereinafter just "Balint") initiated this suit to compel defendant, Allstate Insurance Company ("Allstate"), to pay out on a policy for the destruction of a house that the estate owned and on which intervenor loanDepot.com, LLC ("loanDepot") held a mortgage. While loanDepot intervened in this case, it was too late—over a year after the fire occurred. Because loanDepot's action is time barred

and because Balint now concedes judgment,[1] the court will grant Allstate's motions for summary judgment.

### I. Factual Background & Procedural History[2]

This case arose from a trifecta of tragic events. First, on April 13, 2022, Kenneth Havir passed away, leaving behind a property that he owned at 1017 Ash Street, Scranton, Pennsylvania (the "Property"). (Docs. 37 ¶¶ 3, 14).[3] Two days later, the second disastrous event occurred when the Property was destroyed by a fire. (Id. ¶ 25). It was subsequently determined that the fire was intentionally set by Christopher Havir (Kenneth Havir's son and Terri Balint's brother). (Id. ¶ 25). The final tragedy occurred on the same date as the fire when Christopher Havir died from a self-inflicted gunshot wound. (Id.). Following these events, Balint became

---

[1] On January 10, 2025, Balint concurred in Allstate's motion for summary judgment against her. (Doc. 54). Therefore, her claims are not discussed further.

[2] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 38, 49, 59, 60). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

[3] The court cites to the undisputed statement of material facts, (Doc. 37), Allstate filed with respect to the original plaintiff, Balint, and her amended complaint (Doc. 10), solely to give additional context and background of this case.

the administratrix of her father's estate and had a right to the Property at the crux of this suit. (Doc. 10 ¶ 3).

Allstate had insured the Property through a homeowner's insurance policy for the period July 18, 2021, through July 18, 2022. (Doc. 38 ¶ 3). After investigating the loss, Allstate denied Balint's initial claim and notified her of the denial on August 3, 2022. (Doc. 38 ¶ 4). At the end of that month, loanDepot sent Allstate notice of its claim on the insurance policy, as a mortgagee of the Property. (Doc. 38 ¶ 5). As the mortgagee, loanDepot was covered "to the extent of their interest" by the insurance policy. (Doc. 38-2 at ECF 81). However, the insurance policy also provided "[a]ny suit or action must be brought within one year after the inception of the loss damage" to the covered Property. (Id. at ECF 80). Allstate ended up denying both Balint's and loanDepot's claims; Balint's because the Property was destroyed by an intentional act of a resident of the household, (Doc. 37 ¶¶ 31-32), and loanDepot's for unclear reasons, (Doc. 38 ¶¶ 16-17).[4]

Balint sued Allstate on April 12, 2023, for failing to pay on the insurance policy. (See generally, Docs. 1-3, 1-4). loanDepot joined the fray by filing a motion to intervene on August 4, 2023. (Doc. 8). To loanDepot, it had an independent claim on the Property and so it deserved to be paid per the policy, regardless of what

---

[4] Allstate claims it denied loanDepot's claims for failure to provide necessary documentation. (Doc. 38 ¶¶ 16-17). loanDepot responds it never received a denial letter and argues Allstate was inconsistent in its rationale for denying loanDepot's claims. (Doc. 49 ¶¶ 16-17). In disposing of Allstate's motion for summary judgment, the court assumes loanDepot never received Allstate's official denial letter and that Allstate gave differing reasons for denying loanDepot's claim.

3

happened to Balint's claim. The court granted loanDepot's motion for intervention on September 20, 2023. (Id. ¶ 24).

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is material if resolution of it "might affect the outcome of the suit under the governing law" and genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Mall Chevrolet, Inc. v. General Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court's duty is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 242-43.

There are "two closely related methods for a movant to succeed at summary judgment." Mall Chevrolet, 99 F.4th at 630. "First, under the standard approach, the moving party may produce material facts, established as genuinely undisputed, that entitle it to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(a)). "Second, under the Celotex approach, a moving party may instead demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an

4

element essential to that party's case *on which that party will bear the burden of proof at trial.*'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The nonmoving party can defeat a motion for summary judgment by producing evidence to establish a genuine issue of material fact. Anderson, 477 U.S. at 256. The nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The party "must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Moreover, if the nonmovant's version of disputed facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). When a court is sitting in diversity jurisdiction, it applies the law of the state where the suit originated. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

### III. Discussion

In its motion for summary judgment, Allstate argues loanDepot's claim is time barred by the contract. (Doc. 36 at 3-4). In response, loanDepot rejects Allstate's position and says the company "cites numerous irrelevant legal authorities to incorrectly argue that loanDepot's claims are time barred." (Doc. 50-2 at ECF 6). At the same time, loanDepot never distinguishes or addresses

5

*why* the cases cited by Allstate are irrelevant. Contrary to loanDepot's assertions, not only are these cases relevant—they are controlling.

The key case cited by Allstate is World of Tires, Inc. v. American Ins. Co., 520 A.2d 1388 (Pa. Super. Ct. 1987).[5] In that case, a company, World of Tires, bought the physical assets of a tire copying plant from a company called Perma Tread. Id. at 1389. Prior to the sale, Perma Tread purchased insurance on the plant from American Insurance Company ("American"). Id. The insurance policy named both Perma Tread and World of Tires as insured effective December 23, 1980. Id. On December 26, 1980, a fire destroyed the tire copying plant. Id. Because it could not reach an agreement with American, World of Tires sued the insurance company on December 23rd, 1981.

About a year and a half later, on July 7, 1983, Perma Tread filed a petition to intervene, which the trial court granted. Id. at 1981, 1983. In its petition, Perma Tread asserted it was a named loss mortgagee on the insurance policy and it was entitled to recovery of the insurance proceeds. Id. The insurance policy in this case also had a limitations clause, which provided "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twelve months after inception of the loss." Id. at 1390.

---

[5] The insurance policy states, "the policy is issued in accordance with the laws of Pennsylvania and those laws shall govern any and all claims or disputes related to the insurance policy." (Doc. 38-2 at ECF 93). In addition, "any and all lawsuits related to this policy shall be brought, heard, and decided only in a state or federal court located in Pennsylvania." (Id.).

6

Later, the trial court directed a verdict in favor of American because it found Perma Tread's claims were time barred. Id. at 1390. Perma Tread appealed asserting the contractual limitations period should not be enforced. Id. The Pennsylvania Superior Court disagreed and held the mortgagee clause should not be construed as overriding the clear language of the limitations clause. Id. at 1390.

World of Tires is strikingly similar to the present case. The limitations clause in World of Tires is, for all intents and purposes, identical to the provision in this case. Both provisions state that any suit or action based on the policy at issue must be brought within twelve months of inception of the loss. (Doc. 38-2 at 19; World of Tires, 520 A.2d at 1390). The distinct and independent aspect of the contract does not mean "the mortgagee is free to ignore the time limitations contained in the policy." Satchell v. Ins. Placement Facility of Pa., 361 A.2d 375, 380 (Pa. Super. Ct. 1976). It only means the owner and mortgagee's insurable interests are not the same. Id. Both the owner and the mortgagee are subject to the limitations clause. World of Tires, 520 A.2d at 1390 (citing Satchell, 361 A.2d at 380; Guarantee Tr. and Safe Deposit Co. v. Home Mut. Fire Insurance Co., 117 A.2d 824, 826 (Pa. Super. Ct. 1955))

The fire destroying the Property occurred on April 15, 2022. (Doc. 38 ¶ 1). loanDepot filed its motion to intervene over 15 months later, on August 4, 2023. (Id. 22). As such, loanDepot's suit is three months late and is timed barred by the limitations clause in the insurance policy.

## IV. Conclusion

Because loanDepot's claim is time barred by the plain terms of the contract and because Balint concurred in Allstate's motion, Allstate's motions for summary judgment will be granted and loanDepot's motion will be denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     August 14th, 2025